75,714-05

TO: CLERK OF THE
COURT OF CRIMINAL APPEALS
OF TEXAS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

DATE: JANUARY 26, 2015

FROM: GEORGE WILLARD MAY
TDCJ-ID#1079659
DALHART UNIT
11950 F.M. 998
DALHART, TX. 79022

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 09 2015

Abel Acosta, Clerk

RE: REQUEST FOR DISCRETIONARY REVIEW ON 044504-B, NOT BEING A WRIT
CHALLENGING A CONVICTION

DEAR CLERK:
I am sending this copy of my 11.07 "OUT-OF-TIME APPEAL" to verify
to this Court that this writ never challenged my conviction, it
(044504-B) does not stop my rights to file another 11.07 writ of
habeas corpus to challenge my conviction. The trial court was in
error by recomending that this court deny 044504-C as subsequent.
I was entitled to be heard through my 11.07 writ of habeas corpus
044504-C, the first writ challenging my conviction.
It is my understanding that this court can on its own discretion,
decide to review an improperly denied writ.(044504-C) so I am sending
044504-B Application and Page one of 044504-B of the Memorandum in
the hopes that this proof that 044504-B is not challenging my
conviction will be looked at and I Pray that this court will in
it's own discretion decide to review 044504-C as my first writ
challenging my convicton.
I am only sending the Application as proof. If the complete
document is needed, I will gladly send it upon request. I would
also glady send to this court my 11.07 044504-C upon request. Again
it is my first writ challenging my conviction and should not have
been denied as subsequent.
As clerk, would you please date stamp this packet and present
it to the court for their discretionary review. Thank you so much
for your time and consideration in this matter.

Sincerely,

George Willard May

GEORGE WILLARD MAY
TDCJ-ID#1079659

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: __GEORGE WILLARD MAY__

DATE OF BIRTH: __06/08/1952__

PLACE OF CONFINEMENT: __DALHART UNIT, 11950 F.M.998,DALHART,TX.__
__79022__

TDCJ-CID NUMBER: __01079659__     SID NUMBER: _____

(1)    This application concerns (check all that apply):

     ☐    a conviction        ☐    parole

     ☐    a sentence        ☐    mandatory supervision

     ☐    time credit        ☒    out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
(Include the court number and county.)

     59TH JUDICIAL DISTRICT COURT, GRAYSON COUNTY, SHERMAN, TX.

(3)    What was the case number in the trial court?

     44504

(4)    What was the name of the trial judge?

     HONORABLE JUDGE RAYBURN M. NULL JR.

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

YES, MR. THOMAS SHEA AND MR. KERMIT HILL

**(6)** What was the date that the judgment was entered?

APRIL 27TH, 2001

**(7)** For what offense were you convicted and what was the sentence?

AGGRAVATED SEXUAL ASSAULT OF A CHILD-20 YEARS CONFINEMENT

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea     ☐ guilty-plea bargain
☒ not guilty     ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:
N/A

**(10)** What kind of trial did you have?

☐ no jury       ☒ jury for guilt and punishment
                ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11)  Did you testify at trial? If yes, at what phase of the trial did you testify?

YES, AT PUNISHMENT PHASE OF TRIAL

(12)  Did you appeal from the judgment of conviction?

☒ yes                        ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?  FIFTH SUPREME JUDICIAL DIST.

(B) What was the case number?  05-01-01251-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

YES, MR. JASON BUTSCHER

(D) What was the decision and the date of the decision? CONFIRMED, MARCH, 2002

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                        ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?  N/A

(B) What was the decision and the date of the decision?  N/A

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                        ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?  N/A

3

Rev. 01/14/14

(B) What was the decision and the date of the decision?  ___N/A___

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

___N/A___

___N/A___

___N/A___

___N/A___

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

___N/A___

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          N/A          ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?  ___N/A___

(B) Did you receive a decision and, if yes, what was the date of the decision?

___N/A___

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

N/A

N/A

N/A

N/A

N/A

(17)     Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Rev. 01/14/14

*✓ ONE GROUND WRIT*

**GROUND ONE:**

APPLICANT STATES HE IS ELIGIBLE FOR AN "OUT-OF-TIME APPEAL BECAUSE

OF CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

**FACTS SUPPORTING GROUND ONE:**

APPLICANT IS NOT CHALLENGING HIS CONVICTION IN THIS WRIT, HE

IS SHOWING THIS COURT CAUSE FOR BEING ELIGIBLE FOR AN "OUT-OF-

TIME APPEAL", BECAUSE APPELLATE COUNSEL WAS "CONSTITUTIONALLY

INEFFECTIVE" FOR NOT RAISING TO THE APPEALS COURT "ACQUITTAL

ISSUES" AND "MORE MERITORIOUS ISSUES" THAT ARE OBVIOUSLY

APPARENT IN THE REVIEW OF THE COURT RECORDS. APPLICANT IS

CURRENTLY ILLEGALLY CONFINED AND RESTRAINED IN HIS LIBERTY

AT THE DALHART UNIT AT 11950,F.M. 998, DALHART TX. 79022.

APPLICANT WILL SHOW THIS COURT EIGHT ISSUES THAT WERE OBVIOUS

AND HAVE NOT BEEN TAKEN INTO CONSIDERATION BY THE COURT OF

APPEALS. THESE EIGHT UNRESOLVED ISSUES ARE "ACQUITTAL ISSUES"

AND "MORE MERITORIOUS ISSUES" THAT SHOULD HVAE BEEN RAISED

BY APPELLATE COUNSEL. APPLICANT ALSO SHOWS THIS COURT THAT

6

Rev. 01/14/14

EVEN THOUGH IT HAS BEEN OVER FIVE YEARS SINCE THE DIRECT APPEAL WAS AFFIRMED, APPLICANT HAS NOT HARMED OR PREJUDICED THE COURT AND THAT HE HAS BEEN DELAYED BY GOOD CAUSE IN HIS PURSUIT OF JUSTICE. APPLICANT WILL SHOW THIS COURT THESE EIGHT ISSUES "NOT PRESENTED BY APPELLATE COUNSEL" IN THE MEMORANDUM OF LAW IN SUPPORT OF THIS WRIT. THESE EIGHT ISSUES THAT WERE "NOT PRESENTED BY APPELLATE COUNSEL" ARE CONSTITUTIONAL INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. AGAIN, APPLICANT IS NOT CHALLENGING HIS CONVICTION IN THIS 11.07 HABEAS CORPUS APPLICATION. HE IS ONLY SHOWING THIS COURT THAT HE IS ENTITLED TO AN "OUT-OF-TIME APPEAL" BECAUSE OF CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. THIS IS A ONE GROUND WRIT FOR AN "OUT-OF-TIME APPEAL". THE LIST OF "ISSUES NOT PRESENTED BY APPELLATE COUNSEL" IS ON PAGE ONE OF THE MEMORANDUM OF LAW ATTACHED TO THIS WRIT.

7

Rev. 01/14/14

**GROUND TWO:**

N/A

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

Rev. 01/14/14

N/A

Rev. 01/14/14

**GROUND THREE:**

N/A

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

Rev. 01/14/14

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Rev. 01/14/14

**GROUND FOUR:**

N/A
_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

N/A

Rev. 01/14/14

**GROUND:**

N/A

---


**FACTS SUPPORTING GROUND:**

Rev. 01/14/14

N/A

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF ___N/A___

___N/A___, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

___N/A___
Signature of Applicant / Petitioner (circle one)


SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF _____. 20_____.


___N/A___
Signature of Notary Public


16

Rev. 01/14/14

APPLICANT PRO-SE

**PETITIONER'S INFORMATION**

APPLICANT PRO-SE

Petitioner's printed name: GEORGE WILLARD MAY #01079659

State bar number, if applicable:  N/A

Address:  DALHART UNIT

11950, F.M. 998

DALHART, TEXAS 79022

Telephone:  N/A

Fax:  N/A

**INMATE'S DECLARATION**

I, GEORGE WILLARD MAY , am the applicant./petitioner (circle one) and

being presently incarcerated in THE DALHART UNIT , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on 3 - 12 , 20 14 .

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

APPLICANT PRO-SE
**PETITIONER'S INFORMATION**
APPLICANT

Petitioner's printed name: GEORGE WILLARD MAY #01079659

Address: DALHART UNIT

11950 F.M. 998

DALHART TEXAS, 79022

Telephone: N/A

Fax: N/A


Signed on 3  8    , 20

_George Willard May_
Signature of Petitioner
Applicant

18

Rev. 01/14/14

## LIST OF ISSUES NOT PRESENTED

ISSUE#1   APPLICANT IS ACTUALLY INNOCENT, A CONSTITUTIONAL MANIFEST
          MISCARRIAGE OF JUSTICE CAUSED HIS WRONGFUL CONVICTION

ISSUE#2   CONSTITUTIONAL RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN THE
          COURT ALLOWED IMPERMISSIBLE "OUTCRY TESTIMONY/OUTCRY WITNESS".

ISSUE#3   CONSTITUTIONAL RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN THE
          COURT ALLOWED IMPERMISSIBLE VICTIM/WITNESS TO TESTIFY

ISSUE#4   APPLICANT ARGUES HE WAS DENIED HIS LIBERTY WITHOUT DUE
          PROCESS OR DUE COURSE OF LAW BECAUSE EVIDENCE WAS INSUFF-
          ICENT TO PROVE ALL THE ELEMENTS OF THE OFFENSE"BEYOND A
          REASONABLE DOUBT"

ISSUE#5   APPLICANT ARGUES CONSTITUTIONAL INEFFECTIVE ASSISTANCE OF
          TRIAL COUNSEL

ISSUE#6   APPLICANT WAS DENIED DUE PROCESS AND DUE COURSE OF LAW AND
          A FAIR TRIAL BECAUSE OF SUPPRESSED MATERIAL EVIDENCE - A
          BRADY VIOLATION

ISSUE#7   CONSTITUTIONALLY FUNDAMENTALLY UNFAIR WHEN THE COURT FAILED
          TO RULE ON CRITICAL OBJECTIONS OF DEFENSE AND PROSECUTION

ISSUE#8   CONSTITUTIONALLY FUNDAMENTALLY UNFAIR WHEN THE COURT FAILED
          TO DIRECT THE JURY TO DISREGARD ANY STATEMENTS REFERRING
          TO THE APPLICANT FROM STATEMENTS MADE FROM THE SECOND
          VIDEOTAPE

---

EVITTS V. LUCEY,469 U.S. 387. 105 S.Ct.830 (1985) Stating:

"IF THE APPELLATE ATTORNEY FAILED TO RAISE AN ISSUE ON APPEAL,
THAT WOULD HAVE BENEFITED THE APPLICANT, THE APPLICANT MAY BE
ELIGIBLE FOR OUT OF TIME APPEAL."